JOHN BIXBY v. JOHN STEKETEE, SUPERVISOR OF THE FIRST WARD OF GRAND RAPIDS.

*Action for penalty for not killing biting dogs.*

Comp. L. §§ 2066–7 authorizing a supervisor to sue in the name of the township for the penalty imposed upon the owner of a dog for not killing it after he has been notified that it has bitten a person, does not empower a ward supervisor to bring such an action, where under the city charter, the ward is a mere territorial division of the municipal corporation, with no treasury of its own and no capacity of suit.

Error to Kent.    Submitted Oct. 20.    Decided Nov. 10.

DEBT for statutory penalty for neglect to kill a vicious dog.    Defendant brings error.    Reversed.

*J. W. & O. C. Ransom* for plaintiff in error.

*C. G. & W. W. Hyde* for defendant in error.

CAMPBELL, J.    Bixby was sued in a justice's court in Grand Rapids under sections 2066 and 2067 of the Compiled

Laws for failing to kill his dog after being notified in writing that he had bitten a person peaceably walking outside of his enclosure. Judgment was given against him for the statutory penalty of three dollars. The case was affirmed on *certiorari* and now comes up on error to Kent circuit.

The statute under which this penalty was recovered is an old statute of 1850, and is entitled " An act for the protection of sheep and other domestic animals, and for other purposes." Its chief purpose was the protection of domestic animals against vicious dogs, but provisions are also inserted giving a private right of action for personal injuries, and for a penalty if, after written notice, the dog is not killed.

This penalty of $3, and a further sum of $1.50 for every 48 hours' delay, is required to be sued for on complaint of a " citizen of any township where the trespass has been committed," who must satisfy the supervisor of the facts, and then the supervisor is authorized to sue " in his name of office " and pay the money recovered by him " into the township treasury, to be applied towards the incidental expenses of the township."

The supervisor in thus suing, acts not on behalf of any private person or of the State, but on behalf of the township, and the money belongs to the township which he represents. The supervisors of the several wards of Grand Rapids are by the charter of that city authorized to perform the duties of supervisors of townships *except as thereby otherwise provided.* Local acts 1877, p. 145. This exception is very material, because a ward is thereby made a mere territorial division of a single larger corporation, and is not for any purpose a municipal corporation by itself, and has no treasury and no capacity of suit. The supervisor cannot, under the city charter, bring any action for the city or any part of it, and the authority left to him involves no such representative character as would make him for any such purpose as this capable of acting for the municipality.

The statute authorizing supervisors to sue does not in terms apply to cities, and there is little reason why it can be supposed it was intended to apply to them. The chief purpose

of the law is not the protection of persons but of property. Its application for private suits is not confined to townships but extends everywhere. The section authorizing suits by supervisors is the only one which is confined to those localities. When this law was passed there were but few cities in the State, and the special necessity of requiring dogs to be killed was probably not supposed to exist except in agricultural districts. At any rate the law did not then any more than now give city supervisors any control either of city litigation or of city funds. We think the action was not within the law.

Judgment must be reversed with costs of all the courts.

The other Justices concurred.